UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE TRUJILLO,<br><br>    Plaintiff,<br><br>v.<br><br>SANDRA OROZCO, et al.,<br><br>    Defendants. | Case No. 5:17-cv-00566-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 28 |

Presently before the Court is Plaintiff's motion for attorneys' fees and costs. For the reasons discussed below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

After encountering accessibility issues at the Puerto Azul Restaurant[1] ("Restaurant") in July 2016, Plaintiff brought this suit, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89 ("ADA") and the California Unruh Civil Rights Act, California Civil Code § 51 et seq. ("Unruh Act"). Complaint ("Compl."), Dkt. No. 1.

Pursuant to General Order 56, the parties exchanged initial disclosures and conducted a joint site inspection in May 2017. Motion for Attorneys' Fees ("Mot."), Dkt. No. 28, at 3. Several months later, in September 2017, the parties reached a settlement. Declaration of Tanya E. Moore ("Moore Decl."), Ex. B ("Settlement Agreement"), Dkt. No. 28-4. The settlement agreement provided that Defendants would pay Plaintiff the sum of $8,000 and make various renovations to

---

[1] The Puerto Azul Restaurant is located at 1072 Lincoln Avenue, San Jose, California 95125. Compl. ¶ 1.

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

1

the Restaurant. *Id*. § 2. The settlement agreement also stated that "Plaintiff may bring a motion for his attorneys' fees to the Court" and that "[o]nly for the purposes of Plaintiff's motion for attorneys' fees, Defendants will not dispute that Plaintiff is the prevailing party in this Action, but shall instead only be entitled to dispute the reasonableness of Plaintiff's request for fees." *Id*. § 2.3.

The Court dismissed Plaintiff's claims with prejudice on October 5, 2017, with the exception that it would retain jurisdiction to hear a motion for attorneys' fees. Dkt. No. 26. Plaintiff brought the instant motion on November 3, 2017. Mot.

## II. LEGAL STANDARD

A prevailing party is one who "achieve[s] a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129-30 (9th Cir. 2008) (internal quotation marks omitted). Under the ADA, attorneys' fees are recoverable to a prevailing party. 42 U.S.C. § 12205. Because Congress passed the ADA in part to "ensure effective access to the judicial process for persons with civil rights grievances," the recovery of attorneys' fees "is the rule rather than the exception." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Jankey*, 537 F.3d at 1130 ("A prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotation marks and citation omitted). Additionally, any person found in violation of the California Unruh Act "is liable for . . . any attorney's fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a).

The calculation of a reasonable fee award is a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, a court begins by calculating the "lodestar figure," or presumptive award, by multiplying the hours reasonably spent on the litigation by the attorney's reasonable hourly rate. *See Hensley*, 461 U.S. at 433. Second, the court may enhance or reduce the lodestar figure based on the factors articulated in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar determination. *Fischer*, 214 F.3d at 1119.

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES
2

## III. DISCUSSION

Under the terms of the Settlement Agreement, Defendants cannot dispute that Plaintiff is the prevailing party.[2] Settlement Agreement § 2.3. Thus, the only issue before the Court is whether the fees that Plaintiff seeks are reasonable.

### A. Lodestar Figure

As discussed above, the first step in determining a reasonable fee is calculating a "lodestar figure," by multiplying the hours reasonably spent on the litigation by the attorney's reasonable hourly rate. *See Hensley*, 461 U.S. at 433.

#### i. Hourly Rate

Plaintiff bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts also may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience. *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1277-78 (N.D. Cal. 2014) (citing *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009)). As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests a rate of up to $495[3] for attorney Zachary Best ("Best"), who has 24

---

[2] Defendants argue in their opposition that, because this case settled, the Court should not consider it a "win" for Plaintiff and reduce fees accordingly. Opposition to Motion for Attorneys' Fees ("Opp."), Dkt. No. 29, at 6-7. This argument, however, is expressly foreclosed by the terms of the Settlement Agreement. *See* Settlement Agreement § 2.3. Accordingly, the Court will deem Plaintiff the prevailing party for the purposes of assessing the reasonableness of his request for fees.

[3] Best's hourly rate increased in February 2017 from $400 to $495. Best Decl. ¶ 6. According to Best, this upward adjustment aligned his rates with those charged in the Northern District of California for attorneys of comparable skill and experience. *Id.*

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES
3

years of experience, including 12 in disability access litigation. Declaration of Zachary Best ("Best Decl."), Dkt. No. 28-1, at ¶ 5; Supplemental Declaration of Zachary Best ("Supp. Best Decl."), Dkt. No. 30-2, at ¶ 3. Best attests that he has been involved in "literally hundreds of federal cases" since the 1990s, although not always as lead counsel. Supp. Best Decl. ¶¶ 2-4.

Plaintiff also requests a rate of $400 for attorney Tanya Moore ("Moore"), who has 17 years of experience, including eight in disability access litigation. Moore Decl. ¶ 3. Moore states that she has successfully prosecuted "close to 1000 civil rights actions for violations of the [ADA] and parallel California law." *Id*. ¶ 2.

Plaintiff also requests rates of $175, $150, and $120 for paralegals Marejka Sacks ("Sacks"), Whitney Law ("Law") and David Gutherie ("Gutherie"), respectively. All are experienced paralegals. Sacks has twelve years of experience, with seven years working almost exclusively on ADA cases. Declaration of Marejka Sacks ("Sacks Decl."), Dkt. No. 28-5, at ¶ 2. Law has eight years of experience, including over four years specializing in disability access litigation. Declaration of Whitney Law ("Law Decl."), Dkt. No. 28-7, at ¶ 2. Gutherie has four years of experience, all of which has focused on disability access litigation. Declaration of David Gutherie ("Gutherie Decl."), Dkt. No. 28-9, at ¶ 2.

All of Plaintiff's requested hourly rates are reasonable. As to attorneys Best and Moore, their requested rates fall within the range of hourly rates which courts in this District have found reasonable for attorneys of similar experience in the San Francisco Bay Area. *See, e.g.*, *Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496 YGR, 2015 WL 1886708, at *4 (N.D. Cal. Apr. 24, 2015) (hourly rate of $525/hour reasonable for attorney with 20 years of experience, eight of which almost entirely devoted to ADA claims); *Fortson v. Marriott Int'l, Inc*., No. CV 11-01454 LB, 2013 WL 1832411, at *5 (N.D. Cal. May 1, 2013) (hourly rates of $450 reasonable for two attorneys with 12 and 14 years of experience); *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920-22 (N.D. Cal. 2011) (hourly rates of $490-$560 reasonable for attorneys with 14 years of experience or less); *Rodriguez v. Barrita*, 53 F. Supp. 3d 1268, 1279 (N.D. Cal. 2014) (hourly rate of $450 reasonable for attorney with 13 years of experience); *Californians for Disability Rights v.*

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

4

1 *California Dep't of Transp.*, No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010) (hourly rates of $570 and $650 reasonable for attorneys with 10 to 18 years of experience). Defendants argue that the Court should not rely on some of these cases because, in those cases, the hourly rate was not contested. Opp. 3. This, however, is not persuasive. Whether or not the rate was challenged, the finding was still made that the rate was reasonable.

As to paralegals Sacks, Law, and Gutherie, their requested rates also fall within the range of hourly rates which courts in this District have found reasonable for paralegals with similar experience in the San Francisco Bay Area. *See, e.g.*, *Roderiquez*, 53 F. Supp. 3d at 1269 (hourly rate of $175 reasonable for paralegal who has worked for over a decade and attended some law school classes and hourly rate of $135 reasonable for paralegal with "much less experience"); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1085 (N.D. Cal. 2010) (hourly rate of $165 reasonable for senior paralegal with five years of experience); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 456 (9th Cir. 2010) (hourly rate of up to $190 reasonable). Accordingly, the Court will award fees according to Plaintiff's requested rates.

### ii. Reasonable Hours

Plaintiffs request fees for the following hours and tasks:

- **Attorney Best:** 5.1 hours (reviewing court documents, preparing mediation statement, complaint review)
- **Attorney Moore:** 44 hours (visit to Restaurant and pre-filing investigation; preparation of complaint; client communications; preparation for, travel to and from, and attendance at joint site inspection and subsequent in person meet and confer; communications with defense counsel; settlement negotiations and revisions to settlement agreement; conferences and communications with mediator; drafting fees motion)
- **Paralegal Sacks:** 20.8 hours (settlement discussions with mediator and defense counsel; research fees and draft communications to defense counsel re same; review and analyze revisions to settlement agreement; communications with defense counsel to achieve settlement and resolve final issues; re-draft settlement based upon reservation of fees motion; research and draft fees motion and accompanying declarations)
- **Paralegal Law:** 7.6 hours (client communications at intake; investigate client claims; initial research for and preparation of complaint based on client's specific allegations; communications with investigators; communicate with defense counsel; prepare initial disclosures and monitor receipt of defendants' initial disclosures;

communicate with consultant regarding conditions found at joint site inspection; prepare initial list of barriers and first settlement agreement; prepare notice of need for mediation; prepare stipulation to dismiss the action; prepare final paperwork to California Commission on Disability Access)
- **Paralegal Guthrie:** 3.3 hours (arrange for service of process; review documents to ensure accuracy and have filed with the Court; client communications)

Mot. 10-11.

Defendants have the burden to rebut the fee request and to demonstrate any substantial indication that the hours billed were "excessive, redundant, or otherwise unnecessary . . ." *Blackwell*, 724 F. Supp. 2d at 1079 (citing *Hensley*, 461 U.S. at 434). Here, Defendants raise eight separate challenges to Plaintiff's fee request. The Court addresses each in turn.

### a. Nature of the Case

First, Defendants argue that, because this case settled in its early stages, Plaintiff's request for 80.8 hours spread across two attorneys and three paralegals is excessive. Opp. 6. The Court agrees. This case had no pre-dismissal motion practice, no court appearances, and minimal discovery. By Plaintiff's own description of his counsel's work, the only meaningful events in this case were the initial pleadings, the joint site inspection, settlement activities, and this fees motion. *See* Mot. 10-11. Indeed, the docket in this case is strikingly sparse. Given the high volume of ADA cases which Plaintiff's counsel attests they handle and the substantial experience which Plaintiff's counsel attests they have, it seems strange that so many hours and so many timekeepers were needed to litigate this case. *See, e.g.*, Best Decl. ¶¶ 2-5 (describing experience, including representing "defendants in hundreds of actions"); Moore Decl. ¶¶ 2-5 (describing experience, including "prosecut[ing] close to 1,000 civil rights actions"). Instead, it seems that this case could have been handled by a single attorney, assisted in a limited capacity (or not at all) by a single paralegal, for a fraction of the hours spent here. Adding further insult to injury, Plaintiffs' fees request seems strikingly out of proportion with his actual recovery: Plaintiff received $8,000 in settlement, but seeks over $27,000 in fees. *Compare* Settlement Agreement § 2.1, *with* Reply 12.

Given all this, the Court finds it appropriate to reduce the total number of hours expended

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

6

in this case. According to Plaintiff's counsel's billing records, the total number of hours expended by each timekeeper for different stages in this litigation breaks down as follows:

| Period | Best | Moore | Sacks | Law | Gutherie |
|---|---|---|---|---|---|
| Pre-Filing Investigation, Complaint, Answer, Initial Disclosures (7/27/16 - 5/18/17) | 1.7 | 11.6 | 0.7 | 4.2 | 3.3 |
| Joint Site Inspection, Assessment of Barriers and Remedies (5/19/17 - 6/15/17) | 0.0 | 5.6 | 0.0 | 1.8 | 0.0 |
| Mandatory Meet and Confer with Initial Settlement Offer, Settlement Negotiations, Final Settlement Agreement (6/16/17 - 9/29/17) | 3.4 | 23.2 | 3.7 | 1.4 | 0.0 |
| Dismissal, Attorneys' Fees Motion (9/30/17 - Present) | 0.0 | 6.1 | 27.8 | 0.2 | 0.0 |
| **TOTAL** | **5.1** | **46.5** | **32.2** | **7.6** | **3.3** |

*See* Best Decl., Ex. A; Moore Decl., Ex. A; Sacks Decl., Ex. A; Law Decl., Ex. A; Gutherie Decl., Ex. A; Supp. Moore Decl. ¶ 6; Supplemental Declaration of Marejka Sacks ("Supp. Sacks Decl."), Dkt. No. 30-4, at ¶ 2. Comparing the total number of per-timekeeper hours to their respective tasks, these requested hours seem unreasonably inflated. A detailed review of the billing entry descriptions confirms the same. For example, on March 2, 2017, Moore billed 0.5 hours for "[r]eviewed correspondence from Ms. Alvarenga and request for documents in preparation for conference with the client" and 0.3 hours for "[r]eviewed responsive email by Ms. Alvarenga." Moore Decl., Ex. A, at 6. As another example, on August 28, 2017, Moore billed one hour for "[p]hone calls to and from Ms. Alvarenga, notes to the file." Moore Decl., Ex. A at 3. Although the Court has no reason to doubt that Moore spent the recorded amount of time on the recorded tasks, it is not reasonable, in an attorneys' fees motion, to request such long amounts of time for such discrete tasks. Accordingly, a global discount, limited and focused on the case's highest billers, is warranted. The Court will reduce Moore's requested hours by 10, Sacks's requested hours by 5, and Law's by 2.

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

7

### b. Excessive Hours Spent on Specific Tasks

Next, Defendants attack two specific time entries as excessive or inaccurate: Moore's May 19, 2017 four-hour time entry to attend a 1.5 hour joint site inspection and Moore's June 16, 2017 two-hour time entry to, among other things, attend a one-hour meet and confer. Opp. 6. In a responsive declaration, Moore explained that the May 19, 2017 four hour time entry not only included the 1.5 hour site inspection, but also 2.5 hours to review the file and allegations in the Complaint, travel to and from the Restaurant, confer with the client's consultant, and make notes of the outcome. Supp. Moore Decl. ¶ 2. Moore also explained that the June 16, 2017 time entry covered not only the mandatory meet and confer, but also meeting with her client before and after the conference, traveling to and from the conference, and attending the conference, all for a total of two hours. *Id*. ¶ 3. Although Moore's explanations justify some additional expenditure of time, the Court agrees with Defendants that the additional time spent by Moore is excessive. Accordingly, the Court will reduce the May 19, 2017 entry by one hour and the June 16, 2017 entry by 0.5 hours.

### c. Mediation Preparation

Third, Defendants object to Plaintiff's request for hours spent to prepare for mediation. Opp. 7-8; Declaration of Dania Alvarenga ("Alvarenga Decl."), Ex. 2, Dkt. No. 3 (table of entries relating to mediation). Plaintiff requests a total of 9.5 hours, broken down as follows: 2.6 hours spent by Best preparing a mediation statement, 6.4 hours spent by Moore doing various preparation tasks (including up to 0.5 hours reviewing the mediation statement), and 0.5 hours spent by Sacks revising the mediation statement. Alvarenga Decl., Ex. 2. Defendants argue that given the fact that only attorneys' fees were at issue by the time mediation occurred, the total number of hours that Plaintiff's counsel spent in preparation was excessive. Opp. 7-8. Defendants also specifically object to the preparation of the mediation statement, arguing that the parties had agreed to not exchange mediation statements. *Id*. Plaintiff disagrees that such an agreement ever occurred. Reply to Opposition to Motion for Attorneys' Fees ("Reply"), Dkt. No. 30, at 8.

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES
8

The Court cannot determine, based on the information in front of it, whether or not the parties agreed to not exchange mediation statements. The only evidence submitted by the parties is an email from Defendants' counsel in which she states that she "believe[d]" an agreement was made to not exchange mediation statements; however, this email was sent after she had already received Plaintiff's mediation statement. Alvarenga Decl., Ex. 1. Nevertheless, in any event, the Court agrees with Defendants that, given the limited issues that remained to be resolved,[4] preparing a mediation statement was excessive. Accordingly, the Court will not award fees for hours spent on the mediation statement (2.6 by Best, 0.5 by Moore, and 0.5 by Sacks).

Apart from the mediation statement, Moore also spent 5.9 hours on various tasks preparing for the mediation. Her time entries list these tasks as exchanging emails with opposing counsel and/or the mediator, making phone calls to the mediator, communicating with her client, and non-specific "preparation for mediation." Alvarenga Decl., Ex. 2. In view of the narrow set of issues that remained for mediation, 5.9 hours is an excessive amount of time to spend on what seems to be a small universe of tasks. Accordingly, the Court will reduce these hours by half.

### d. Court Communications

Fourth, Defendants argue that hours spent reviewing court communications was excessive. Opp. 8; Alvarenga Decl., Ex. 3 (table of entries relating to court communications). The Court agrees with Defendants' objection, and finds that no fees should be awarded for any of these hours. The communications in these entries are short, non-substantive notices which do not require anywhere near six minutes of review. *See, e.g.*, Dkt. Nos. 15, 16, 19, 22, 24. In addition, several of these "communications" are Plaintiff's own filings. *See, e.g.*, Dkt. Nos. 1, 13 Accordingly, the Court will deduct 1.4 hours from Best, corresponding to entries bearing the following dates: August 17, 2017; July 5, 2017; June 29, 2017; April 11, 2017 (all three entries); April 7, 2017; March 28, 2017; March 20, 2017; March 3, 2017; February 28, 2017; February 27,

---

[4] According to Defendants, only attorneys' fees remained to be resolved. Opp. 7. Plaintiffs disagree that only attorneys' fees remained to be resolved, but acknowledge that the issues to be discussed at mediation were limited, as "[t]he parties made various concessions to achieve a settlement," which were contingent on resolution of the fees issue. Supp. Decl. Moore ¶ 5.

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES
9

2017; February 15, 2017; and February 6, 2017. The Court will also deduct 1.1 hours from Moore, corresponding to entries bearing the following dates: September 30, 2017; July 3, 2017; June 29, 2017; April 11, 2017 (all two entries); April 10, 2017; March 28, 2017; March 20, 2017 (one entry only); March 3, 2017; February 6, 2017 (one entry only); and February 3, 2017 (one entry only).

### e. Clerical Tasks

Fifth, Defendants object to certain time entries by attorney Moore and paralegals Gutherie, Law, and Sacks as clerical. Opp. 8-9; Alvarenga Decl., Ex. 4 (table of allegedly clerical time entries). In general, fees for work that is clerical in nature are considered part of normal overhead costs and are not included in recoverable hours. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). In *Nadarajah*, the Ninth Circuit identified tasks such as mailing, obtaining transcripts, researching filing procedures, the time spent recording hours worked, and collecting documents as examples of clerical work that are not billable. *Id*. After reviewing the billing records, the Court finds most of the entries identified by Defendants are not clerical. However, Moore's time entries dated September 25, 2007, September 14, 2017, and February 27, 2017 contain some activities that appear to be clerical. In addition, a portion of Sacks's time entry from September 13, 2017 appears to be clerical. Accordingly, the Court will reduce each of these entries by 0.1 hours, which is the time it estimates that each of these clerical tasks would have taken.

### f. Duplicative Entries

Sixth, Defendants identify certain time entries which they argue are duplicative. Opp. 9; Alvarenga Decl., Ex. 5 (table of allegedly duplicative time entries). After reviewing the billing records and Defendants' list of allegedly duplicative entries, the Court agrees with Defendants that some of the identified entries are duplicative. These fall within several categories:

First, in several of the alleged duplicates, two different attorneys or two different paralegals performed the same task. As discussed above, it was excessive to have more than one attorney and one paralegal working on this case. As such, the second timekeeper's entry is duplicative. This observation affects the following entries:

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES
10

- **Duplicate (4), Alvarenga Decl., Ex. 5, at 2:** Best and Moore both reviewed correspondence from the mediator. Best's 8/10/2017 entry for 0.1 hours is therefore duplicative and will be deducted.
- **Duplicate (5), Alvarenga Decl., Ex. 5, at 2:** Best and Moore both reviewed the reassignment order. Best's 4/11/2017 entry for 0.1 hours is therefore duplicative. However, because the Court already deducted this time in Section III(A)(ii)(d), it need not be deducted further.
- **Duplicate (8), Alvarenga Decl., Ex. 5, at 3:** Best and Moore both reviewed the Answer. Best's 3/9/2017 entry for 0.2 hours is therefore duplicative and will be deducted.
- **Duplicate (9), Alvarenga Decl., Ex. 5, at 3:** Best and Moore both reviewed Plaintiff's consent to appear before a magistrate judge. Best's 3/3/2017 entry for 0.1 hours is therefore duplicative. However, because the Court already deducted this time in Section III(A)(ii)(d), it need not be deducted further.
- **Duplicate (3), Alvarenga Decl., Ex. 5, at 4:** Sacks and Law both worked on initial disclosures. While not duplicative in description and separate in time, the additional 0.1 hours spent by Sacks on 7/28/2017 was excessive and will be deducted.

Second, in several of the alleged duplicates, an attorney and a paralegal performed the same task, when it would have been sufficient for either an attorney or a paralegal to perform that task. As such, the Court will consider the paralegal's entry duplicative. This observation affects the following entries:

- **Duplicate (2), Alvarenga Decl., Ex. 5, at 1:** Moore and Law both worked on revising the settlement agreement on 8/29/2017. Law's 8/29/2018 entry for 0.3 hours is excessive if not duplicative and will be deducted.
- **Duplicate (6), Alvarenga Decl., Ex. 5, at 2:** Moore and Law both reviewed information from the client and the complaint in settlement-related work on 3/14/2017. Law's 3/14/2017 entry for 0.3 hours is excessive if not duplicative and will be deducted.
- **Duplicate (7), Alvarenga Decl., Ex. 5, at 3:** Moore and Sacks's both reviewed and responded to opposing counsel on 3/9/2017 on what appears to be the same matter. Sacks's 3/9/2017 entry for 0.70 hours is excessive if not duplicative and will be deducted.
- **Duplicate (10), Alvarenga Decl., Ex. 5, at 3:** Moore and Law both reviewed site photos and information in preparation of the complaint on 1/29/2017 and 1/31/2017. Law's 1/31/2017 entry for 0.9 hours is excessive if not duplicative and will be deducted.

Third, in several of the alleged duplicates, the same timekeeper billed for the same task. While the Court recognizes that it may be necessary to repeat certain tasks over the course of a litigation, certain of the tasks repeated here are so routine that it is not reasonable to request hours for the second time they were performed. This observation affects the following entries:

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

11

- **Duplicate (1), Alvarenga Decl., Ex. 5, at 7:** Best reviewed an email from the mediator relating to a teleconference two separate days in a row. Best's 8/22/2017 entry for 0.1 hours is therefore duplicative and will be deducted.
- **Duplicate (2), Alvarenga Decl., Ex. 5, at 7:** Best review a letter from the mediator two separate days in a row. Best's 8/10/2017 entry for 0.1 hours is therefore duplicative and will be deducted.
- **Duplicate (4), Alvarenga Decl., Ex. 5, at 7:** Best twice reviewed Defendants' declination to proceed before a magistrate. Best's 4/11/2017 entry for 0.1 hours is therefore duplicative and will be deducted.

Totaling all of these deductions for duplicative and/or excessive entries, the Court will deduct the following from each timekeeper: 0.6 from Best; 0.8 from Sacks; and 1.5 from Law.

### g. Block Billing

Seventh, Defendants identify certain time entries which they argue constitute objectionable block billing. Opp. 9-10; Alvarenga Decl., Ex. 6 (table of allegedly impermissible block billing entries). Although block billing is not impermissible per se, *see Hensley*, 461 U.S. at 437 n.12, 103 S. Ct. 1933, courts will apply a blanket discount to block-billed entries when the nature of the block-billing prevents the Court from effectively determining whether the time spent on tasks was reasonable, *see, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). However, such is not the case here. All of the entries identified by Defendants have a level of detail that is sufficiently commensurate with the amount of time spent such that the Court can determine whether the time spent was reasonable. In addition, at least one of the entries identified by Defendants is small enough in time that it does not implicate block billing concerns. *See, e.g.*, Alvarenga Decl., Ex. 6, at 3 (listing entry for 0.1 hours). Accordingly, the Court will not reduce requested hours for any of these entries.

### h. Hours for Fees Motion

Eighth and finally, Defendants complain that the time spent on Plaintiff's motion for fees is excessive. Opp. 10. According to the billing records, Moore and Sacks spent a total of 32.6 hours on this effort: Moore spent 2.5 hours on Plaintiff's motion and 2.5 hours on Plaintiff's reply; Sacks spent 16.2 hours on Plaintiff's motion and 11.2 hours on Plaintiff's reply. Alvarenga Decl., Ex. 9 (table of fees motion entries); Supp. Moore Decl. ¶ 6; Supp. Sacks Decl. ¶ 2.

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

12

1 The Court agrees that Plaintiff's requested hours are excessive. This was a short and simple case, which warranted nothing more than a short and simple motion for fees. Plaintiff's motion is quite detailed, and the Court appreciates Plaintiff's desire to be thorough. However, simply because Plaintiff took it upon himself to purchase a BMW does not mean that Defendants must pay for it; the law only contemplates a Ford. *See* 42 U.S.C. § 12205 ("the court . . . in its discretion, may allow the prevailing party . . . a *reasonable* attorney's fee, including litigation expenses, and costs") (emphasis added). Plaintiff's motion required nothing more than a straightforward request for fees under well-establish precedent. There was no complicated record that needed to be explained or novel points of law that needed to be argued. Given this, Plaintiff's motion was a simple undertaking that should have been dispatched in short order, especially given the high volume of ADA cases and extensive experience that Plaintiff's counsel claim they have. *See, e.g.*, Best Decl. ¶¶ 2-5; Moore Decl. ¶¶ 2-5. Accordingly, the Court will reduce Moore's requested hours to 2 and Sacks's requested hours to 10.

### iii. Summary of the Lodestar Figure

In summary, as set forth above, the Court determines that the appropriate lodestar figure in this case is $13,550.50, as follows:

|  | **Best** |  | **Moore** | **Sacks** | **Law** | **Gutherie** |
|---|---|---|---|---|---|---|
| Hours initially claimed | 0.4 | 4.7 | 44.0 | 20.8 | 7.6 | 3.3 |
| Hours claimed in Reply |  |  | 2.5 | 11.4 |  |  |
| Less deductions |  |  |  |  |  |  |
| *Global Reduction* |  |  | (10.0) | (5.0) | (2.0) |  |
| *Excessive Hours* |  |  | (1.5) |  |  |  |
| *Mediation* |  | (2.6) | (3.5) | (0.5) |  |  |
| *Court Communications* |  | (1.4) | (1.1) |  |  |  |
| *Clerical Tasks* |  |  | (0.3) | (0.1) |  |  |
| *Duplication* |  | (0.6) |  | (0.8) | (1.5) |  |
| *Fees Motion* |  |  | (3.0) | (17.4) |  |  |
| **(A) Total hours** | 0.4 | 0.1 | 27.2 | 8.4 | 4.1 | 3.3 |
| **(B) Reasonable hourly rate** | $400 | $495 | $400 | $175 | $150 | $120 |
| **A x B** | $160 | $49.50 | $10,860 | $1,470 | $615 | $396 |
| **Total Lodestar** |  |  | **$13,550.50** |  |  |  |

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES

### iv. Departure from Lodestar

Neither party seeks enhancement or reduction of fees based on the *Kerr* factors, and the Court finds no unusual circumstances that would warrant departure from the lodestar figure.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff, as the prevailing party in this case, is entitled to recover $13,550.50 in attorneys' fees. The Court therefore awards $13,550.50 against Defendants and in favor of Plaintiff.

**IT IS SO ORDERED.**

Dated: March 2, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00566-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES
14